IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs October 5, 2010

**STATE OF TENNESSEE v. TERRENCE DONNELL PIRTLE**

**Direct Appeal from the Circuit Court for Gibson County**
**No. 8851     Clayburn L. Peeples, Judge**

_____

**No. W2010-00915-CCA-R3-CD - Filed November 24, 2010**

_____

The defendant, Terrence Donnell Pirtle, was convicted by a Gibson County jury of possession of cocaine with the intent to deliver or sell, a Class C felony, and possession of drug paraphernalia, a Class A misdemeanor, and was sentenced by the trial court as a Range II offender to an effective term of four years in the Department of Correction.  In a timely appeal to this court, he argues that the trial court should have granted his motion to suppress on the basis that the search warrant failed to establish a sufficient nexus between his alleged criminal activity and the residence where the drugs and drug paraphernalia were found.  The State responds by arguing that the defendant has waived the issue by his failure to include it in his motion for new trial or to provide an adequate record for our review.  We agree with the State.  Accordingly, we affirm the judgments of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Circuit Court Affirmed**

ALAN E. GLENN, J., delivered the opinion of the Court, in which J.C. MCLIN and CAMILLE R. MCMULLEN, JJ., joined.

Shannon A. Jones, Alamo, Tennessee, for the appellant, Terrence Donnell Pirtle.

Robert E. Cooper, Jr., Attorney General and Reporter; J. Ross Dyer, Senior Counsel; Garry G. Brown, District Attorney General; and Harold E. (Hal) Dorsey, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**FACTS**

Early on the morning of December 4, 2008, officers of the West Tennessee Drug Task Force executed a search warrant at the Humboldt home that the defendant shared with his

girlfriend and uncovered the following items: a set of digital scales, which tested positive for the presence of cocaine; a police scanner; a "drug ledger"; $1125 in cash, which was found in the pocket of a pair of the defendant's pants; $1600 in cash, which was found inside a lock box underneath the living room couch; and .4 grams of crack cocaine. The defendant was subsequently tried and convicted by a Gibson County jury of possession of cocaine with the intent to sell or deliver and possession of drug paraphernalia.

## ANALYSIS

The sole issue the defendant raises on appeal is whether the trial court erred in denying his motion to suppress the evidence seized from his home. Specifically, he contends that the affidavit in support of the search warrant failed to establish a sufficient nexus between the alleged criminal activity observed by a confidential informant and the defendant's residence. According to the defendant's brief, the information supplied by the informant was that the defendant, a convicted felon, had been in possession of a handgun at the residence seventy-two hours prior to his arrest; that the defendant's girlfriend had been selling and delivering crack cocaine in the defendant's vehicle seventy-two hours prior to the swearing of the affidavit; and that the defendant had been selling crack cocaine from his vehicle in the area of Humboldt known as "the Crossing."

The State argues that the issue is waived because the defendant failed to raise it in his motion for new trial and failed to include the supporting affidavit in the record on appeal. We agree with the State. Although the search warrant is included in the record, the supporting affidavit is not. It was the defendant's burden to prepare an adequate record for appellate review and when necessary portions of the record are omitted, we must presume that the ruling of the trial court was correct. See Tenn. R. App. P. 24(b); State v. Richardson, 875 S.W.2d 672, 674 (Tenn. Crim. App. 1993). In addition, the defendant failed to raise the issue in his motion for new trial. Issues relating to the admission or exclusion of evidence that are not raised in a motion for new trial are deemed to be waived on appeal. See Tenn. R. App. P. 3(e). Accordingly, we conclude that this issue is waived.

## CONCLUSION

Based on the foregoing authorities and reasoning, we affirm the judgments of the trial court.

_____
ALAN E. GLENN, JUDGE